UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. JOHNSON, III, | : |
| Petitioner | : |
| vs. | : CIVIL NO. 1:CV-13-1522 |
| JEROME WALSH, et al., | : (Judge Caldwell) |
| Respondents | : |

*M E M O R A N D U M*

       Robert E. Johnson, III, incarcerated at SCI-Dallas in Dallas, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson is challenging his 2004 convictions in the Lycoming County Court of Common Pleas for attempted homicide and possessing an instrument of crime. Johnson pled guilty to both charges, and is currently serving a twelve and a-half to twenty-eight-year term of imprisonment. His 2254 petition makes the following claims. First, only recently discovered by Petitioner, his counsel was a co-worker of the victim and thus had a conflict of interest. Second, counsel did not raise Petitioner's mental-health issues, depriving the court of vital information. (Doc. 1, ECF p. 6).

       Johnson filed a motion to stay the petition while he pursued state-court remedies he thought might be available. We ordered Respondents to respond to the stay motion and to address the issue of the timeliness of the petition. Petitioner was given an opportunity to reply to Respondents' brief.

       Respondents contend that the petition should indeed be dismissed as time-barred. As we reviewed Respondents' filing, however, we discovered that Petitioner had

filed a previous 2254 petition challenging the same convictions. *See Johnson v. Kopitaski*, No. 08-CV-194, 2008 WL 4820609 (M.D. Pa. Nov. 3, 2008)(Caldwell, J.). We dismissed that petition as untimely.

A second or successive habeas petition under section 2254 cannot be filed in the district court unless the petitioner has first obtained permission from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005). This is a matter of jurisdiction. *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002); *see also Wilson v. York County Common Pleas Court*, No. 04-2512, 2005 WL 1229719, at *3 (M.D. Pa. May 24, 2005)(district courts lack subject-matter jurisdiction over second or successive 2254 petitions absent certification from the court of appeals).

Even though Petitioner's previous 2254 petition was dismissed as untimely, it still counts as a 2254 petition for the purpose of applying this gatekeeping requirement. *Wilson, supra,* 2005 WL 1229719, at *3; *Scott v. Klem*, No. 05-1337, 2005 WL 1653165, at *2 (M.D. Pa. July 12, 2005). *Accord Clark v. Sneizek*, 266 F. App'x 212, 214 (3d Cir. 2008)(nonprecedential)(petition under 28 U.S.C. § 2241 was unavailable after a 2255 motion had been denied as untimely; the defendant had to seek the permission of the court of appeals to file a second 2255 motion); *Kennedy v. Miner*, 228 F. App'x 137, 138-39 (3d Cir. 2007)(nonprecedential)("The fact that Kennedy previously filed a § 2255 motion that was denied as untimely, and thus faces the strict gatekeeping requirements that apply to second or successive § 2255 motions, does not serve to make § 2255 inadequate or ineffective" so as to allow the filing of a 2241 petition).

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, *supra*, 313 F.3d at 139.  Although we could not base dismissal on the statute of limitations because of our lack of jurisdiction, *id.* (statute of limitations is a merits defense that can only be considered after the court of appeals approves a successive petition), we can consider the limitations issue in deciding to transfer the petition. *See McDavis v. Vaughn*, No. 05-CV-1129, 2006 WL 891134, at *2-3 (W.D. Pa. Mar. 31, 2006). Because Respondents are correct that the petition is time-barred, we will dismiss it rather than transfer it to the court of appeals. *Id.* Our decision not to transfer has no effect on Petitioner's right to apply to the Third Circuit for approval to file a successive petition.

28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations on petitions filed under 28 U.S.C. § 2254. For Petitioner's claim that his counsel had a conflict of interest, under section 2244(d)(1)(D), the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In his 2254 petition, Johnson asserts the witness who supports his conflict-of interest claim could only have been discovered recently and hence his petition is timely. He also notes that he pursued the claim through the state courts by way of a fourth petition under the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa. Con. Stat. Ann. §§ 9541-9546.

We agree with Respondents that the petition is untimely. As they observe, the witness's affidavit supporting the claim of conflict of interest is dated August 27, 2011. (Doc. 15-3, ECF p. 9). Running the statute from that date indicates the instant 2254 petition is untimely as it was filed on May 23, 2013, more than a year later, if we use the prison mailbox rule. (Doc. 1, 2254 petition, ECF p. 14). Moreover, as Respondents point out, Petitioner has filed documents indicating that he knew about the claim much earlier. (Doc. 15-6, ECF p. 4)(PCRA petition complaining that a previous postconviction counsel appointed on October 4, 2005, was ineffective in not raising the claim of conflict of interest).

Under section 2244(d)(2), the limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." As noted, Petitioner did pursue this claim through a fourth PCRA petition. The petition was filed in the trial court on October 19, 2011. That court dismissed the petition as untimely on February 14, 2012. Petitioner appealed to the Pennsylvania Superior Court, which agreed with the trial court's timeliness ruling and affirmed on December 11, 2012. (Doc. 15-4, superior court opinion, ECF pp. 1-2). On May 9, 2013, the Pennsylvania Supreme Court denied a petition for allowance of appeal. *Commonwealth v. Johnson*, 10 MAL 2013 (Pa.).

However, only a "properly filed" application for state postconviction relief tolls the limitations period under section 2244(d)(2). A PCRA petition that is filed untimely is not "properly filed" so as to suspend the running of the limitations period, see *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814, 161 L.Ed.2d 669 (2005),

-4-

and whether a state petition was untimely is a matter of state law that cannot be reconsidered by a federal habeas court.  *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006)("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.")(internal quotations omitted).  It follows that the time Petitioner spent litigating his claim in state court did not toll the running of the statute of limitations on his federal petition.[1]

We note that Petitioner raised another claim, that counsel did not raise Petitioner's mental-health issues, depriving the court of vital information.  This claim is also time-barred.  We rely on our analysis in *Johnson*, *supra*, 2008 WL 4820609 at *2-3, for that determination.

*V.   Conclusion.*

Based on the foregoing discussion, we will issue an order dismissing the petition for lack of jurisdiction.  The order will also deny a certificate of appealability, based on the above analysis.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of

---

[1] On the timeliness issue, we look to the superior court's opinion as the last reasoned opinion of the state courts.  *See Simmons v. Beard*, 590 F.3d 223, 231–32 (3d Cir. 2009) (quoting *Bond v. Beard,* 539 F.3d 256, 289–90 (3d Cir. 2008)).

appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

    We will issue an appropriate order.


        <u>/s/William W. Caldwell</u>
        William W. Caldwell
        United States District Judge

Date: July 11, 2014